CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BENJAMIN BURRUSS, | ) |
| Plaintiff, | ) Civil Action No. 3:15CV00065 |
| v. | ) **MEMORANDUM OPINION** |
| GARNETT RILEY, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) Chief United States District Judge |

Plaintiff Benjamin Burruss filed this action against defendants Albemarle County, Virginia and several police officers with the Albemarle County Police Department, alleging violations of 42 U.S.C. § 1983 and state law. This case is presently before the court on the plaintiff's motion for leave to amend his complaint. For the reasons set forth below, plaintiff's motions will be denied.

### Background

On November 18, 2015, plaintiff Benjamin Burruss ("Burruss") filed suit against five law enforcement agents, Albemarle County, Virginia, and "John Does 1-10," alleging that defendants violated his constitutional rights during an incident that occurred on November 21, 2013. On January 25, 2015, the defendants filed a motion to dismiss, which the court granted in part and denied in part. Specifically, the court dismissed counts I and II of the plaintiff's original complaint with respect to the actions taken by law enforcement agents after they obtained an Emergency Custody Order ("ECO"). Burruss v. Riley, --- F. Supp. 3d ---, 2016 WL 3360532, at *5 (W.D. Va. June 14, 2016).

Burrus now seeks to name the "John Doe" defendants and to clarify certain allegations regarding his claims about the ECO. The defendants oppose plaintiff's motion to amend, arguing that any attempt to amend the factual allegations relating to the ECO would be futile, as the court has already dismissed plaintiffs claims as they relate to actions taken after issuance of the ECO. Defendants also contend that the amended complaint would not relate back, and plaintiff's claims would thus be time-barred. See A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) ("With regard to § 1983 and equal-protection claims, the statute-of-limitations period for both is two years."). The instant matter has been fully briefed, and the parties advised the court that they do not request a hearing. The issue is ripe for review.

## Discussion

Federal Rule of Civil Procedure 15(c)(1) provides for relation back of an amendment to a complaint when

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against who a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B), (C). When a proposed amendment changes the name of a party, the amending party must satisfy the requirements set forth in Rule 15(c)(1)(C)(i) and (ii). Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). When the amending party seeks to add a defendant,

2

the focus is on whether that proposed defendant "knew or should have known that it would have been named as a defendant but for an error." Krupski v. Costa Crociere, 560 U.S. 538, 548 (2010).

Here, it is without debate that the naming of the John Doe defendants satisfies Rule 15(c)(1)(B), that the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Therefore, the relevant question is whether the named individuals, within the period of time provided by Rule 4(m),[1] "received such notice of the action that [they] w[ould] not be prejudiced" and "knew or should have known that the action would have been brought against [them], but for a mistake." Fed. R. Civ. P. 15(c)(1)(C)(i), (ii).

"[T]he majority of courts agree that Rule 15(c)(3) does not permit substitution for 'Doe' defendants after the limitations period has run." Goodman v. Praxair, Inc., 494 F.3d 458, 470 (4th Cir. 2007). While Rule 15(c)(3)(B) speaks broadly of a "mistake concerning the identity of the proper party," there is a difference between a mistake due to a lack of knowledge and a mistake due to a misnomer. See Locklear v. Bergman & Beving, 457 F.3d 363, 366-67 (4th Cir. 2006). "[N]aming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice." Goodman, 494 F.3d at 471.

Plaintiff argues that the amended complaint should relate back. Plaintiff contends that he filed a request for records pertaining to these John Doe defendants pursuant to the Virginia Freedom of Information Act, Va. Code § 2.2-3700, et seq. He alleges that records identifying the John Doe defendants were withheld; he only learned the names of the officers on November 1,

---

[1] Rule 4(m) requires that a defendant be served within 90 days after filing of the complaint.

3

2016. The court believes that plaintiff's arguments make clear that he seeks to amend his complaint not because of a misnomer. Instead, he lacked knowledge of the John Doe defendants' true identities and now seeks to add them to his lawsuit.

Nevertheless, in Goodman, the Fourth Circuit cautioned against parsing the meaning of "mistake." Goodman, 494 F.3d at 471 ("[T]he text of Rule 15(c)(3) does not support [district courts'] parsing of the 'mistake' language."). Instead, a district court must "look[] into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation." Id. "When that party has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." Id. (emphasis in original). Here, the court does not believe that the John Doe defendants knew or should have known that the action would have been brought against them but for a mistake. Fed. R. Civ. P. 15(c)(1)(C)(ii). Moreover, the 90-period provided by Rule 4(m) had already run prior to plaintiff learning the names of the parties. It is difficult to imagine that these defendants knew or should have known that they would have been named but for their identities being withheld, or that they knew their identities were being withheld at all. Accordingly, to the extent the plaintiff seeks to amend his complaint to name the John Doe defendants, such amendment will not relate back. Any claim against a new defendant would be barred by the statute of limitations and therefore futile. The court will deny plaintiff's motion for leave to amend to name the John Doe defendants. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (a district court may deny leave to amend if such amendment would be futile).

Burruss also seeks to amend his complaint to clarify allegations relating to the ECO. Burruss avers that the additional information comports the pleadings to the evidence to be

4

offered at trial and clarifies "Plaintiff's contention that the ECO was issued on the strength of the officer's investigation and observation alone, and that there were two ECOs on the day in question." Pl.'s Mot. to Amend at 2, Docket No. 21.

It is well-settled law that a district court may deny leave to amend when the amendment would be futile. See Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Id. In its previous memorandum opinion, the court found that the defendants were shielded by qualified immunity in relation to their actions taken after they obtained an ECO. From the facts alleged in the complaint, the court determined that "it was reasonable for [the defendants] to believe that Mrs. Burruss provided the Magistrate with sufficient information to establish probable cause to detain Burruss." Burruss, 2016 WL 3360532, at *5. Here, the proposed amended complaint asserts that the Magistrate judge issued an ECO prior to receiving and rejecting Mrs. Burruss' sworn petition. However, the proposed amended complaint does not allege that defendants were aware that the ECO was issued prior to the Magistrate hearing from Mrs. Burruss. Proposed Am. Compl. ¶ 43-45, 50-51.

It is the court's belief that, in this instance, whether the ECO was issued on the strength of the officers' investigation and observation alone, or upon the sworn affidavit of Mrs. Burruss, does not change the qualified immunity analysis. The facts in the proposed amended complaint do not suggest that the defendants were aware of this distinction. Id. Consequently, the defendants' reliance on the ECO for probable cause would remain reasonable, the defendants would still be shielded by qualified immunity, and the proposed amended complaint would fail to state a claim for actions taken after receipt of the ECO. The proposed amended complaint would therefore be futile, and the court the court will deny leave to amend.

5

## Conclusion

For the foregoing reasons, plaintiff's motion for leave to amend will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 3rd day of March, 2017.

*/s/ Glen E. Conrad*
Chief United States District Judge